*369 OP1N ION of the Court, by
Judge Logan.
— In this cause it will only be necessary to consider the entry under which the appellees claim, and the manner in which it should have been surveyed.
The entry was made on the 29th of May 1780, “lying on Kentucky river, opposite to Leesburg; beginning at a beech tree and running up the river and back ife-quantity.”
■The call for Leesburg, it is conceived, could not have been misunderstood, although the place may have-been more generally called Leestown. It seems from the evidence to have been sometimes called by one,'and sometimes by the other of those names. Lee and *370 others had at different periods iuxilt cabías at the place, from which it took the name of Lecsiown, and became a place of very considerable notoriety; It was the only place oa the Kentucky river which appears to have been called by either of those names ; and fr>m its notorie-tv we are 0f opinion that by either n.-nr a doubt as to the place intended could' not have been entertained.
Thar call dis regarded, entry declared facial, and the iaryey directed. ”^e
Had the only call in the entry been to lie on the river opposite to Leesburg, vve should have concurred with the circuit coart in the manner of surveying it, by running up and down the river equal distances from a point opposite the centre of Leestown ; and if the call to begin at u a beech tree,” had been the only other call, we should still have thought that opinion correct, as the common growth of the timber there is beech, and a tree of the description could have been had at almost any point within the limits of the claim. This circumstance, we conceive, ought not to affect the entry ; for whether the call is regarded or rejected in the construction of the entry, is totally immaterial; because it seems to the court that wheremn uncertainty arises from the number of objects presented answering the calls of an entry, and it has other calls sufficiently precise to sustain it, that of the many doubtful objects that should be taken as intended which will best preserve the consistency of the others ; and in this case it seems the call for the tree could be complied with, without changing in the least the position given by the first call j so that it is left as an immaterial call. We are more confirmed in this opinion, when we consider that the entry, from any other view, must be invalid for uncertainty, although we believe no one could doubt, from ■ liberal and just construction of it, as to the general body and position of the land it calls for.
Regarding, then, the call for “ a beech tree” as immaterial, we- come to consider the operation of the call to run “ up the river and back for quantity.”
The locator describes his land to lie on tin; Kentucky river, opposite to Leesburg, and running \<p the river. Certainly the direction to go up, excludes the idea that he meant to go down the river below the lowest part of Leesburg. In this respect we do not accord with thari eirctiit court with regard to the manner of surveying fhe entry.- We are of opinion that the entry shoáíl *371 have been surveyed beginning at a point opposite to the lowest part of Leesburg represented in the plat, and up Ae meander:; of the river at low water mark so far that a line extended at right angles from each end of the general course thereof, but confined to the south side of the river, and a line parallel to the general course of the first line, will include the quantity of 400 acres as nearly in a square as the bends of the river will permit.
The decree must be reversed with costs, and the cause remanded for a decree according to the foregoing opinion.